## Lou B. Denning, et al., v. Charles I. Will, administrator.

1.  TRANSCRIPT OF RECORD—*contents of, cannot be determined by
stipulation.*  The parties cannot stipulate to the incorporation into
the transcript of the record of matters under the law foreign there-
to, and where it is done the court will not upon review consider the
same.

Contest in court of probate.   Error to the Circuit Court of Mc-
Lean County; the Hon. COLOSTIN D. MYERS, Judge, presiding.   Heard
in this court at the November term, 1904.   Affirmed.   Opinion filed
June 7, 1905.

PEIRCE & PEIRCE, for plaintiffs in error.

CHARLES I. WILL, defendant in error, *pro se.*

MR. JUSTICE GEST delivered the opinion of the court.

The record in this case shows, first, an order of the court
overruling "the motion to dismiss the appeal heretofore en-
tered herein"; second, a waiver of jury, a hearing by the
court, a finding of the issues "in favor of the appellee,
Charles I. Will, admr., etc." and judgment May 25, 1901,
confirming the report of said administrator, ordering dis-
tribution in accordance therewith, adjudging costs against
plaintiffs in error and allowing appeal to them upon their
filing bond in the sum of $200 with security to be approved

by the clerk, bond to be filed in twenty days and bill of exceptions to be filed in sixty days; third, a stipulation between the parties dated June 3, 1894, and filed June 4, 1894, to-wit: "Whereas the transcript, files and evidence in the above entitled cause on appeal by the said Lizzie and Lou B. Denning from the Probate Court of McLean county, Illinois, to the Circuit Court of said county have been mislaid and lost and cannot be found. Now therefore in consideration of the premises it is hereby stipulated by and between the parties hereto that the clerk of said Circuit Court shall include in the record to be made up in said cause the following files in the matter of the estate of David Skinner, deceased, in said Probate Court, to-wit"; (stating a dozen different papers). "And the following files in the matter of the estate of Mary E. Skinner, deceased, in said Probate Court, to-wit" (stating papers); and also certain described records of mortgages in the recorder's office in McLean county, "all of which when copied by the said clerk into the transcript of the record in the above entitled cause shall become and remain a part thereof for the consideration of this cause by the said Appellate Court"; fourth, copies of the papers and records above mentioned; fifth, the clerk's certificate to the transcript; sixth, the assignment of errors. There is no bill of exceptions. The judgment was entered May 25, 1901. In June, 1904, three years afterwards, the parties made a stipulation and filed it with the clerk directing him to copy certain papers in the Probate Court and certain records in the recorder's office which when done shall "become and remain a part of the record for the consideration" of this court. Records for the consideration of this court cannot be so made up. There is no question presented for our consideration.

The judgment is affirmed.

*Affirmed.*